UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

QUANDELL HICKMAN,

                              Plaintiff,

                -against-

PAULA WILLIAMS, ET AL.,

                              Defendants.

24-CV-4252 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Quandell Hickman, who filed this *pro se* action while held in the Otis Bantum

Correctional Center on Rikers Island, alleges that Defendants—five healthcare providers at NYC

Health + Hospitals ("H+H") and one New York City Department of Correction officer—have

violated his rights. By order dated June 24, 2024, the Court granted Plaintiff's request to proceed

*in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons stated below, the

Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff files a handwritten complaint using a standardized form for incarcerated persons challenging the constitutionality of their confinement. He indicates on the form that he intends to bring his claims under 42 U.S.C. § 1983, the federal statute enabling an individual to sue a state or local official for violating his federal constitutional rights.

On the section of the complaint form asking him to relate the events giving rise to his complaint, Plaintiff writes,

> I was sent to EMTC [Eric M. Taylor Center, a facility on Rikers Island] . . . on 02/02/24[.] Medical and the mental health staff was diagnosing me with disorders I never had in my life. They are saying I said I was on drugs I never took or said I was on. Nor was I ever tested positive for any of these drugs. They are mixing up things from lies when I was a kid trying to get out of [solitary confinement] and adding it on with the lies they made up. I had issues with staff in intake and the officers violated me and now medical / mental health is trying to make it seem like I'm crazy or on drugs. I discovered this going through my medical records I obtained 5/22/24.

(ECF 1, at 4.)[2]

Plaintiff further sets forth a series of allegations with respect to each of the five individual H+H defendants:

> 3/4/24 Paula Williams lied said I said I was on drugs I never said or ever used or tested positive for[.] Aelrie Liudmila 2/3/24 made up story from me explaining how I was detained. Ndayishimiye Esperance 2/2/24 lied like I was being irate with her when I was cuffed and assaulted by officers on camera[.] 2/19/24 Shah Parthy acted like she wanted to hear about my case and switched story[.] 2/6/24 Hammond Erna lied about apearance [sic] and used the incident on 2/2/24 to make a crazy story. Falsified documents from all staff and false diagnoses.

(*Id.* at 4-5.) Plaintiff makes no specific allegations concerning the Department of Correction.

In the section of the complaint form that instructs him to describe his injuries, Plaintiff writes, "Medical neglect, misdiagnosed, emotional distress, mental anguished, stressed. Defamation of character, depressed, ridiculed. Falsified documents on my record!" (*Id.* at 5.) As relief, Plaintiff seeks "twenty million . . . dollars" and "all staff fired and not allowed to work in medical field ever again." (*Id.*)

## DISCUSSION

### A.    Rule 8

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. To review a complaint for plausibility, the court accepts all well-pleaded factual

---

[2] For readability's sake, the Court has taken the liberty of correcting some irregular capitalization when quoting from Plaintiff's complaint.

allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* (citing *Twombly*, 550 U.S. at 555). But the court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). As set forth in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Id*. (internal citations, quotation marks, and alteration omitted). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

Here, Plaintiff's complaint does not comply with Rule 8 because he does not allege sufficient facts suggesting a viable claim for relief against Defendants. His complaint variously asserts that H+H providers "lied," "falsified documents," gave Plaintiff false diagnoses, and "tr[ied] to make it seem like [Plaintiff was] crazy or on drugs." (ECF 1, at 4-5.) It also states that Plaintiff was "assaulted . . . on camera" and "violated" by officers. (*Id.*) Plaintiff offers few additional details to explain what happened during these alleged events. Plaintiff's vague, loosely related allegations are just the sort of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" that *Iqbal* held to be insufficient. 556 U.S. at 678. Plaintiff's complaint thus contains no "short and plain statement . . . showing that [he] is entitled to relief," Fed. R. Civ. P. 8(a)(2), and therefore does not state a claim on which relief may be granted.

In light of Plaintiff's *pro se* status, however, the Court grants him leave to file an amended complaint that complies with Rule 8 and the standards set forth below.

**B.    Inadequate Medical Care**

Because Plaintiff refers to the medical care he received and appears to allege that medical staff misdiagnosed him, he may be attempting to assert claims under 42 U.S.C. § 1983 that he was denied adequate medical care in violation of his constitutional rights. Because Plaintiff was a pretrial detainee at the time of the alleged incidents, any such claims would arise under the Fourteenth Amendment's Due Process Clause. To state a claim for constitutionally inadequate medical care under that Clause, a plaintiff must satisfy two elements: (1) an "objective" element, establishing that the challenged conditions are sufficiently serious, and (2) a "mental" element, which requires a showing that the officer acted with at least deliberate indifference to the challenged conditions. *Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979).

To satisfy the objective element, a plaintiff must allege "that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Darnell v. Pineiro*, 849 F.3d 17, 30 (2d Cir. 2017) (citing *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and quoting *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)). The deliberate indifference standard "contemplates a condition of urgency such as one that may produce death, degeneration, or extreme pain." *Charles v. Orange Cnty.*, 925 F.3d 73, 86 (2d Cir. 2019); *see Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) (holding that the medical need must be a "sufficiently serious" condition that "could result in further significant injury or the unnecessary and wanton infliction of pain" (internal quotation marks and citation omitted)).

To satisfy the second element—the "subjective" or "mental" element—a pretrial detainee must allege facts indicating "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition

posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35.

Under this standard, a challenge based on the inadvertent or negligent failure to provide adequate care does not raise a constitutional claim under the Fourteenth Amendment. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986). Furthermore, a "mere disagreement over the proper treatment" does not give rise to the level of a constitutional claim for deliberate indifference. *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) (holding that a "mere disagreement over the proper treatment" is not actionable under Section 1983). Moreover, the decisions of mental health professionals are "presumptively valid," and this presumption is overcome "only when the decision by the professional is . . . a substantial departure from accepted professional judgment, practice, or standards." *Youngberg v. Romeo*, 457 U.S. 307, 323 (1982). Liability may be imposed "only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Id.*

Here, Plaintiff alleges that Defendants falsely diagnosed him with unspecified "disorders" and put false information in his medical records. (ECF 1, at 4-5.) Except for some vague references to accusations of drug use, however, Plaintiff provides no further details about these alleged falsehoods or the basis on which they were made. Because Plaintiff does not explain the nature of his medical condition, the Court is unable to determine if Defendants' alleged false statements and misdiagnoses presented an objectively serious risk to Plaintiff's physical or mental health. Even if the Court assumes that Plaintiff could satisfy the objective component, he does not allege facts suggesting that any defendant acted with deliberate

indifference: his allegations are not sufficient, in other words, to suggest that any defendant knew or should have known that their actions posed an unreasonable risk to his safety. At bottom, Plaintiff's allegations suggest that he disagrees with the providers' diagnoses and assessments of his presentation. (ECF 1, at 4-5.) Bare disagreement with a medical provider's judgment, however, is not sufficient to state a claim for inadequate medical care under Section 1983. *See Chance*, 143 F.3d at 703.

If Plaintiff asserts claims for inadequate medical care in an amended complaint, he must allege facts suggesting that Defendants were deliberately indifference to an objectively serious medical condition under standard described above.

## C.    Excessive Force

Plaintiff also makes passing allegations that he was "violated" and "assaulted" by unnamed correction officers. (ECF 1, at 4-5.) A pretrial detainee's claim of excessive force under Section 1983 falls under the due process protections of the Fourteenth Amendment. *See Edrei v. Maguire*, 892 F.3d 525, 533 (2d Cir. 2018). For a pretrial detainee to state such a claim, he must allege facts showing that a correction official engaged in an "exercise of power without any reasonable justification in the service of a legitimate government objective." *Id.* (citation omitted); *see also Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015) (noting that a pretrial detainee asserting a claim of excessive force must show only that the force used against him was objectively unreasonable, and that he is not required to prove the defendant's subjective intent, as is required for such a claim brought by a convicted prisoner).

Here, Plaintiff's unelaborated-upon, conclusory allegations that he was "violated" and "assaulted" by unnamed individuals do not provide enough factual detail to plausibly suggest that Defendants have violated Plaintiff's Fourteenth Amendment rights. The Court grants Plaintiff leave to replead his claims for excessive force in an amended complaint.

D.    **Claims Under State Law**

A federal district court may decline to exercise supplemental jurisdiction of state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Because the Court is granting Plaintiff leave to replead his federal claims, the Court declines to address the merits of any state-law claims that Plaintiff may wish to assert against Defendants. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)). The Court will determine at a later stage whether to exercise its supplemental jurisdiction over any state-law claims.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege sufficient additional facts to state a valid claim under Section 1983, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

8

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court who violated his federally protected rights and how, when and where such violations occurred, and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 24-CV-4252 (LTS). An Amended Complaint form is

attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed and he cannot show good cause to excuse such failure, the Court will dismiss his complaint for failure to state a claim upon which relief may be granted, and it will decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) of any state law claims he may be asserting.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith; IFP status is therefore denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    August 26, 2024
         New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge