UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

QUANDELL HICKMAN,

            Plaintiff,

-against-

PAULA WILLIAMS; AELRIE LIUDMILA; NDAYISHIMIYE ESPERANCE; SHAH PARTHY; HAMMOND ERNA; PAGNY – CORRECTIONAL HEALTH SERVICES,

            Defendants.

24-CV-4252 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is incarcerated at Five Points Correctional Facility, is proceeding *pro se* and *in forma pauperis* ("IFP"). Plaintiff brings this action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. By order dated August 6, 2024, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading. Plaintiff filed an amended complaint on October 23, 2024, and the Court has reviewed it. The Court dismisses this action for the reasons set forth below.

## BACKGROUND

    In its order to amend, the Court determined that Plaintiff's original complaint, which was difficult to understand, did not comply with Rule 8 of the Federal Rules of Civil Procedure because Plaintiff's various conclusory allegations that Defendants "lied," "falsified documents," misdiagnosed him, and tried to make it seem like Plaintiff was "crazy or on drugs" (ECF 1, at 4-5), were the sort of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" that the United States Supreme Court has found to be insufficient under Rule 8. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Plaintiff referred to medical care he received and appeared to allege that medical staff misdiagnosed him, the Court construed the complaint as attempting to

assert claims that Defendants were deliberately indifferent to his medical needs. The Court determined that Plaintiff failed to state a claim because his allegations suggested only a disagreement with the medical providers' diagnoses, and such a disagreement is not sufficient to state a claim under Section 1983.[1]

The amended complaint, like the original, is confusing. Plaintiff includes allegations that are the basis of another action he filed that is currently pending before the Hon. Lewis J. Liman of this court, *Hickman v. City of New York*, No. 24-CV-1754 (LJL) (S.D.N.Y.). The following allegations are taken from the amended complaint and are limited to facts relevant to claims Plaintiff is asserting against the defendants named in this action. On an unspecified date, while Plaintiff was cuffed in a holding cell, an unidentified doctor examined Plaintiff and told "medical" that Plaintiff does not look like he is on drugs. (ECF 11, at 4.) Defendant Esperance "lied on report like I was irate with her or disrespectful in attempts to cover up her denying me medical care for the officers." (*Id.*) Plaintiff alleges that he was "not on mental health" but unidentified officers "referred [him] to mental health" and placed him "in a mental health housing unit." (*Id.*) Plaintiff refused mental health services, but was repeatedly "put back in by staff." (*Id.*)

On February 3, 2024, Plaintiff "refused mental health treatment and [Defendant] Aelrie Liudmila said ok and asked me about my case and how I got detained and switch[ed] my words around in a[n] attempt to keep me on mental health." (*Id.* at 5.) On February 6, 2024, Defendant

---

[1] Because Plaintiff made passing references in the original complaint to being "violated" and "assaulted" by unnamed correction offices (ECF 1, at 4-5), the Court also construed the complaint as attempting to assert claims of excessive force, and held that Plaintiff's conclusory allegations did not comply with Rule 8, but it granted him leave to replead those claims in an amended complaint. The allegations in the amended complaint do not suggest that Plaintiff is seeking to replead excessive force claims.

Hammond Erna "lied about my ap[p]earance and used the inc[i]dent on 2/2/24 to make a crazy story in attempts to hold the negative narrative from officers because I refused mental health treatment." (*Id.*)

On March 4, 2024, Plaintiff asked to be "taken off" mental health and "Paula Williams lied like I admitted to doing drugs like crack or cocaine when I never in my life did or ever tested positive." (*Id.*)

Plaintiff alleges that he refused mental health services "4-5 times or more" when he was at EMTC, but "still was diagnosed." (*Id.* at 6.) He asserts that this was done "to cover up or aid the officers that violated [him]." (*Id.*)

Plaintiff describes his injuries as "trauma, paranoia, medical neglect, misdiagnosed[,] emotional distress, mental anguish, stressed, defamation of character, depressed, ridiculed, falsified documents on my record." (*Id.* at 5.)

Plaintiff seeks $10 million in damages and an order directing "all staff [be] fired and not allowed to work in medical field ever again." (*Id.*)

## DISCUSSION

**A.     Federal constitutional claims**

To state a claim under 42 U.S.C. § 1983 for constitutionally inadequate medical care under the Fourteenth Amendment's Due Process Clause, a plaintiff must satisfy two elements: (1) an "objective" element, establishing that the challenged conditions are sufficiently serious, and (2) a "mental" element, which requires a showing that the officer acted with at least deliberate indifference to the challenged conditions. *Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979).

To satisfy the objective element, a plaintiff must allege "that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety, which

3

"includes the risk of serious damage to 'physical and mental soundness.'" *Darnell v. Pineiro*, 849 F.3d 17, 30 (2d Cir. 2017) (citing *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and quoting *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)). The deliberate indifference standard "contemplates a condition of urgency such as one that may produce death, degeneration, or extreme pain." *Charles v. Orange Cnty.*, 925 F.3d 73, 86 (2d Cir. 2019); *see Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) (holding that the medical need must be a "sufficiently serious" condition that "could result in further significant injury or the unnecessary and wanton infliction of pain" (internal quotation marks and citation omitted)).

To satisfy the subjective element, a pretrial detainee must allege facts indicating "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35.

Under this standard, a challenge based on the inadvertent or negligent failure to provide adequate care does not raise a constitutional claim under the Fourteenth Amendment. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986). Furthermore, a "mere disagreement over the proper treatment" does not give rise to the level of a constitutional claim for deliberate indifference. *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) (holding that a "mere disagreement over the proper treatment" is not actionable under Section 1983). Moreover, the decisions of mental health professionals are "presumptively valid," and this presumption is overcome "only when the decision by the professional is . . . a substantial departure from accepted professional judgment, practice, or standards." *Youngberg v. Romeo*, 457 U.S. 307, 323 (1982). Liability may be imposed "only

when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Id.*

Plaintiff's amended complaint suffers from the same deficiencies as his original pleading. While Plaintiff includes vague references to being "diagnosed" and provided with "mental health services," nowhere in the complaint does he allege that he has a medical condition that "contemplates a condition of urgency such as one that may produce death, degeneration, or extreme pain." *Charles*, 925 F.3d at 86. Even if the Court assumes that Plaintiff did adequately allege a sufficiently serious medical condition, he does not allege facts suggesting that any defendant knew or should have known of the serious condition, but failed to act to mitigate the risk. Plaintiff's allegations suggest, at most, that he disagrees with the medical providers' diagnosis and assessments of his presentation and appearance. Bare disagreement with a medical provider's judgment, however, is not sufficient to state a claim for inadequate medica care under Section 1983, *see Chance*, 143 F.3d at 703, and the decisions made by mental health professionals are "presumptively valid" unless they are a "substantial departure" from accepted professional standards, *Youngberg*, 457 U.S. at 323. Nothing in the complaint suggests that any of the defendants' actions in diagnosing Plaintiff or attempting to provide him with mental health services departed from professional norms.

The Court therefore dismisses Plaintiff's Section 1983 claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.      State law claims**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and

5

only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

C.    **Leave to amend is denied**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Court dismisses this action for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

      The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:   January 6, 2025
           New York, New York

                                               /s/ Laura Taylor Swain
                                               LAURA TAYLOR SWAIN
                                               Chief United States District Judge